IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2010 JAN 29 P 1: 57

| | |
|---|---|
| Rajii M. Brown, formerly CCDC #231919, | |
| Petitioner, | |
| v. | Civil Action No. 6:10-34-SB |
| Office of Solicitor, Charleston County, | **ORDER** |
| Respondent. | |

This matter is before the Court upon Rajii M. Brown's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. When he filed his petition, Brown was a pre-trial detainee at the Charleston County Detention Center.[1] The exhibits attached to Brown's petition indicate that he has been charged with various drug-related offenses in state court. In his petition, however, Brown asserts that the Charleston County Solicitor failed to indict him within 90 days as required by rule 3 of the South Carolina Rules of Criminal Procedure and that the Solicitor's Office has released other detainees pursuant to rule 3.

The record contains the report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and the Local Rules for this district. In the R&R, filed on January 8, 2010, the Magistrate Judge recommends that the Court dismiss the instant petition without prejudice and without requiring the Respondent to file a response. Specifically, the Magistrate Judge noted that

---

[1] In a change of address notice filed on January 8, 2010 (Entry 2), Brown informed the Court that he had been released on a $100,000.00 bond and now resides in Ladson, South Carolina.

Brown's underlying criminal charges are still pending in the Court of General Sessions for Charleston County, and that absent extraordinary circumstances, a federal court is not authorized to interfere with a state's pending criminal proceedings. See Younger v. Harris, 401 U.S. 37 (1971). As outlined by the Magistrate Judge, Brown's sole federal remedies concerning his pending criminal charges are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, but both of which can be sought only after he has exhausted his state court remedies, which he has not done yet.

On January 27, 2010, Brown filed objections to the R&R. In his objections, he rehashes his claim that the Respondent has violated his constitutional rights by failing to comply with rule 3 of the South Carolina Rules of Criminal Procedure. In addition, Brown attached copies of the motions to suppress and to dismiss that he filed in the Charleston County Court of General Sessions in September and October of 2009.

After review, the Court finds Brown's objections to be without merit. Here, as the Magistrate Judge properly determined, Brown's state court criminal proceedings are still ongoing, and it is not this Court's place to needlessly inject itself into those proceedings. Because Brown can (and indeed should) seek review of his claims[2] in the appropriate state court channels, the Court agrees with the Magistrate Judge that the instant § 2254 petition should be dismissed without prejudice and without requiring the Respondent to file a response.

Based on the foregoing, it is hereby

---

[2] Additionally, as the Magistrate Judge noted, the grounds raised by Brown are based on state law, and state law issues do not ordinarily provide grounds for federal habeas corpus relief.

**ORDERED** that the R&R (Entry 11) is adopted and incorporated; Brown's objections (Entry 14) are overruled; and the instant § 2254 petition is dismissed without prejudice and without requiring the Respondent to file a response.[3]

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

January 29, 2010
Charleston, South Carolina



---

[3] Because the Court does not find that Brown has made a substantial showing of the denial of a constitutional right, the Court denies a certificate of appealability. See Rule 11(a) of the Rules Governing § 2254 Cases In the United States District Courts; 28 U.S.C. § 2253(c)(2).